UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                    Chapter 11

TIHI RESTAURANT CORP.
aka NEIL'S COFFEE SHOP,                                            Case No. 22-11216 (JPM)

                             Debtor.
------------------------------------------------------------x

## MEMORANDUM DECISION

**APPEARANCES:**

**LAW OFFICES OF PERRY IAN TISCHLER, P.C.**
*Counsel for Tihi Restaurant Corp.*
38-39 Bell Boulevard
Suite #203
Bayside, NY 11361
By:     Perry Ian Tischler, Esq.

**ANSELL GRIMM & AARON, P.C.**
*Counsel for 961 Lexington Avenue, LLC*
365 Rifle Camp Road
Woodland Park, NJ 07424
By:     Joshua Bauchner, Esq.
           Anthony J. D'Artiglio, Esq.

**UNITED STATES TRUSTEE**
By:     Greg Zipes, Esq.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

      961 Lexington Avenue, LLC (the "Landlord") filed the instant motion (the "Motion") [Dkt. No. 15] on November 2, 2022 seeking dismissal of the case for cause pursuant to 11 U.S.C. § 1112(b), or, in the alternative, confirmation that the stay does not apply to Landlord's efforts to evict Debtor Tihi Restaurant Corp. under 11 U.S.C. § 362(b)(10) or relief from the stay under 11 U.S.C. § 362(d)(1) in order to occupy the property located at 961 Lexington Avenue aka 148 East 70th Street, New York, New York (the "Property"). Landlord also seeks the immediate payment

1

of post-petition rents pursuant to 11 U.S.C. § 365(d)(3). With the motion, Landlord filed the declaration of Estralda Tudor-Davis (the "Tudor-Davis Declaration") with the attached Exhibits: copies of the Lease and Lease Extension (Exhibit A); Bankruptcy Consent Order in Case No. 16-12912 (the "Consent Order") (Exhibit B); Amendment to Consent Order (Exhibit C); Landlord's request that the Court enforce the Consent Order and issue a warrant of eviction (Exhibit D); Stipulation of Settlement (Exhibit E); Second Amended Stipulation of Settlement (Exhibit F); Third Stipulation of Settlement (Exhibit G); Fourth Stipulation of Settlement (Exhibit H); judgment for possession of the Property issued by New York County Civil Court (the "Judgment for Possession") (Exhibit I); Civil Court of the City of New York decision/order directing the execution of the warrant of eviction (the "Warrant of Eviction Order") (Exhibit J); and a statement of rent arrears (Exhibit K).

Landlord filed a Certificate of No Objection on December 5, 2022 in accordance with S.D.N.Y. Local Rule 9075-2. [Dkt. No. 18]. The Court scheduled a hearing on the Motion for December 8, 2022. On December 7, 2022, without having filed opposition, Debtor's counsel filed a letter stating that Debtor's principal had fallen ill and requesting an adjournment. [Dkt. No. 20]. The Court adjourned the hearing for two weeks. On December 20, 2022, the day before the hearing, Debtor filed its opposition (the "Tischler Declaration") to the Motion asserting that Landlord failed to meet its burden to modify the stay, that Debtor held an equitable property interest, and that cause does not exist under 11 U.S.C. § 362(d)(1) if Debtor meets its rent obligations. [Dkt. No. 22]. The Court held a hearing on December 21, 2022. Landlord filed a reply (the "Reply") [Dkt. No. 24] to Debtor's opposition on December 29, 2022. On January 5, 2023, counsel for Landlord filed a letter on the docket [Dkt. No. 28] stating that Debtor had failed to provide assurances that any funds were available to pay rent arrears and requesting that the Motion be granted.

## BACKGROUND

Debtor operates a coffee shop located at 961 Lexington Avenue in New York City and is in possession of the premises pursuant to a lease that expired under its own terms on December 31, 2021. [Tudor-Davis Declaration Ex. A]. Debtor previously filed for bankruptcy on October 17, 2016 (*In re TIHI Restaurant Corp.* Case No. 16-12912), which was dismissed pursuant to the Consent Order on March 3, 2017. [Tudor-Davis Declaration Ex. B]. The Consent Order required Debtor to make specified payments to Landlord in satisfaction of unpaid rental arrears and post-petition rent. If Debtor timely satisfied its obligations under the Consent Order, the lease was to be reinstated. On December 4, 2017, Debtor and Landlord entered into an amendment to the Consent Order, which modified the schedule under which Debtor was to pay Landlord. [Tudor-Davis Declaration Ex. C].

On November 12, 2018, Debtor and Landlord entered into a stipulation of settlement (the "First Stipulation"), under which Debtor (i) consented to a money judgment in the sum of $288,286.92 and entry of a final judgment for possession in favor of Landlord; (ii) agreed to a series of payments totaling $107,928.99; and (iii) committed to pay future rents as they became due. [Tudor-Davis Declaration Ex. E]. Pursuant to the terms of the First Stipulation, Debtor's lease would be extended through December 31, 2026 provided that Debtor fully and timely complied with the payment obligations in the First Stipulation. The Judgement for Possession was issued on January 7, 2019. [Tudor-Davis Declaration Ex. I]. Debtor and Landlord modified the payment schedule by entering into the Second Amended Stipulation of Settlement on May 1, 2019. [Tudor-Davis Declaration Ex. F]. On January 21, 2020, Debtor and Landlord entered into the Third Stipulation of Settlement further adjusting the schedule for payment of past-due rent. [Tudor-Davis Declaration Ex. G]. Debtor and Landlord entered into the Fourth Stipulation of Settlement, dated

December 15, 2021 (the "Fourth Stipulation"), which again modified the schedule of payments to be made to Landlord. [Tudor-Davis Declaration Ex. H]. Debtor has not fulfilled its obligation to make timely payments under the Fourth Stipulation. [Tischler Declaration ¶ 11]. On August 4, 2022, the Civil Court for the City of New York ordered the execution of a warrant of eviction. [Tudor-Davis Declaration Ex. J]. In response to Landlord obtaining the Judgment for Possession and Warrant of Eviction Order, Debtor commenced its chapter 11 case on September 11, 2022 with the filing of a petition. [Dkt. No. 1]. Debtor currently owes post-petition rent in the amount of at least $70,799.77 and rental arrears of at least $933,889.04. [Tischler Declaration ¶ 11].

## DISCUSSION

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). Courts have found that "the right to timely payment of rents constitutes an interest in property entitled to adequate protection," and courts may lift the automatic stay for the failure to pay post-petition rent. *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001); *see also In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 69 (Bankr. S.D.N.Y. 2010). Failure to pay post-petition rent may leave a landlord without adequate protection. *See In re Mad LO LO LLC*, 2009 WL 2902567, at *4 (Bankr. S.D.N.Y. May 28, 2009).

The Court grants Landlord's motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Debtor has failed to pay post-petition rent, and the post-petition rent owed in the amount of $70,799.77 exceeds Debtor's security deposit in the amount of $62,000. [Debtor's Schedule A/B]; [Tischler Declaration ¶ 11]. Although Debtor's counsel stated that funds were available to pay post-petition rent, Debtor's principal has not verified that these payments would

4

be made, and Landlord states that it has yet to receive any payment for post-petition rent. [Reply 3, 7]. Furthermore, Landlord is not adequately protected due to Debtor's failure to pay rent or make any other payments. *See In re Oligbo*, 328 B.R. 619, 651–52 (Bankr. E.D.N.Y. 2005); [Reply 4, 7]. Therefore, Debtor has not fulfilled its obligation to pay post-petition rent, and the automatic stay is lifted with respect to the Property pursuant to 11 U.S.C. § 362(d)(1). *See P.J. Clarke's Restaurant Corp.*, 265 B.R. at 404; [Reply 7]. Debtor would also not be entitled to assume any potential unexpired lease and prevent the lifting of the stay. Pursuant to 11 U.S.C. § 365(d)(3), Debtor must timely perform the obligations arising under an unexpired lease or make a motion to extend the time to perform these obligations within sixty days of the Petition Date. *See In re Payam, Inc.*, 642 B.R. 365, 371 (Bankr. S.D.N.Y. 2022). Debtor has failed to timely pay post-petition rent and has not filed a motion to extend. *See id.*; [Tischler Declaration ¶ 11]. Furthermore, the Court finds that Debtor is unable to "cure[], or provide[] adequate assurance that [Debtor] will promptly cure" the amount owing pre-petition. 11 U.S.C. § 365(b)(1); *see In re Payam, Inc.*, 642 B.R. at 371. Debtor owes pre-petition arrears totaling at least $933,889.04 and "has no realistic ability" to satisfy the arrearage. *In re Payam, Inc.*, 642 B.R. at 371; [Tudor-Davis Declaration ¶ 42]. Other than the security deposit held by Landlord, Debtor's sole asset listed in its schedules is $250 dollars of cash on hand. [Debtor's Schedule A/B].

Some bankruptcy courts in the Second Circuit consider the *Sonnax* factors to determine whether "cause" exists to lift the automatic stay under 11 U.S.C. § 362(d)(1). *See In re 473 W. End Realty Corp.*, 507 B.R. 496, 502–03 (Bankr. S.D.N.Y. 2014); *In re Project Orange Assocs., LLC*, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010).

> The twelve *Sonnax* factors are as follows: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary

5

expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms."

*In re Ditech Holding Corp.*, 2022 WL 16952443, at *13 (Bankr. S.D.N.Y. November 15, 2022) (citing *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990)). All factors may not apply in every case, and the Court need not apply the same weight to all factors. *Id.*

However, although the parties argue over certain of the *Sonnax* factors, the factors may be inapplicable because "they apply when a movant is moving to continue an underlying state court action involving unadjudicated state law issues." *See In re Payam, Inc.*, 642 B.R. at 370 n.2. Here, the state court has already issued the Judgment for Possession, and the issue of adequate protection on which stay relief depends is one of bankruptcy law. [Tudor-Davis Declaration Ex. E]. Regardless, to the extent the *Sonnax* factors might apply, the Court finds that these factors weigh in favor of Landlord. Under the first and second factors, relief would provide at least partial relief to Landlord and allow it to pursue its rights to the property, and Debtor is unlikely to be able to cure the arrears and promulgate a confirmable plan. *See In re 950 Meat & Grocery Corp.*, 617 B.R. 224, 228–29 (Bankr. S.D.N.Y. 2020). The twelfth factor also weighs in favor of Landlord— Debtor has repeatedly defaulted on agreements with Landlord and has not timely paid rent, creating uncertainty and financial difficulty for Landlord. Neither party has addressed the other factors.

6

Therefore, based on the above analysis, Landlord is not adequately protected, and cause exists to lift the stay under 11 U.S.C. § 362(d)(1).[1]

## CONCLUSION

For the reasons stated above, the Court grants Landlord's Motion in part, and the Court grants relief from the stay pursuant to 11 U.S.C. § 362(d)(1). Landlord shall submit an order consistent with this Memorandum Decision.


Dated: February 3, 2023                                              /s/John P. Mastando III
       New York, New York                                            Hon. John P. Mastando III
                                                                     United States Bankruptcy Judge

---

[1] The Court defers ruling on whether to dismiss the case pursuant to 11 U.S.C. § 1112(b), whether the stay does not apply pursuant to 11 U.S.C. § 362(b)(10), or whether Landlord is entitled to immediate payment of post-petition rental obligations under 11 U.S.C. § 365(d)(3).